**Glenn Calvin DAMOND,
Plaintiff–Appellant**

v.

**James LeBLANC; Chairman of the
Board of Parole; Division of Parole;
Patricia Murphy; Vernester Canty;
Steve Rader; Sheryle M. Ranatza, De-
fendants–Appellees.**

No. 13–30760
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 2014.

Glenn Calvin Damond, Baton Rouge,
LA, pro se.

Travis Jacob Denicola, Assistant Attor-
ney General, Office of the Attorney Gener-
al, Baton Rouge, LA, for Defendants–Ap-
pellees.

Before JOLLY, SMITH, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Calvin Damond appeals the district
court's dismissal of his claims of federal
and state civil rights violations against
Secretary James Leblanc, parole officers
Patricia Murphy and Vernester Canty,
Warden Steve Rader, and Parole Board
Chairman Sheryle Ranatza (collectively,
"the defendants"). We AFFIRM the dis-
trict court's decision.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

## STATEMENT OF FACTS

In March of 1998, Calvin Damond pled
guilty to aggravated rape and was sen-
tenced to thirty years of imprisonment.
Pursuant to an agreement between Da-
mond and the Department of Corrections
that he would waive his incentive wages
while in custody, Damond received the
standard legislatively authorized good-time
credit at a rate of 30 days for every 30
days in actual custody. In July of 2011,
Damond became eligible for good-time re-
lease, but was required to sign a document
imposing supervisory conditions on his re-
lease. In June of 2012, Damond was re-
arrested in connection with an unrelated
offense and the Parole Board placed a hold
on his record because this signaled a possi-
ble violation of his conditions.

Damond filed a pro se suit in the district
court under 42 U.S.C. § 1983 and state law
civil rights claims seeking relief from any
form of "supervision and illegal custody."
Damond claimed that the defendants had
wrongly applied Louisiana Revised Statute
§ 15:571.5 to his conviction. The defen-
dants moved to dismiss the case. The
district court granted the motion to dis-
miss as to all defendants on July 8, 2013.
Damond appeals.

## STANDARD OF REVIEW

"We review a district court's dismissal
under Rule 12(b)(6) de novo, 'accepting all
well-pleaded facts as true and viewing
those facts in the light most favorable to
the plaintiffs.' " *Doe ex rel. Magee v. Cov-
ington Cnty. Sch. Dist. ex rel. Keys,* 675
F.3d 849, 854 (5th Cir.2012) (internal cita-
tion omitted). "To survive dismissal pur-
suant to Rule 12(b)(6), plaintiffs must

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## DISCUSSION

Official capacity monetary damage claims against state actors are considered a suit against the state and barred by the Eleventh Amendment. *Hafer v. Melo,* 502 U.S. 21, 25–26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). The district court properly dismissed Damond's official capacity monetary damage claims against the defendants.

"When a prisoner ... is released because of diminution of sentence ... he shall be released as if released on parole." La.Rev.Stat. § 15:571.5. This release includes 1) the imposition of conditions, 2) supervision for the remainder of the term, and 3) potential revocation and recommitment. *Id.*

"[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement," not an ordinary civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Challenges to supervised conditions of release under Louisiana's good-time statute are construed as challenges to the length of confinement. *See Edge v. Stalder,* 240 F.3d 1074 (5th Cir.2000)(unpublished). As such, "[h]abeas petitions are the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* (internal quotation marks and citation omitted). The district court properly dismissed Damond's

claims attacking the fact of his supervised release.

A prisoner's claim seeking monetary damages under § 1983 is not cognizable whenever a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Since Damond has not successfully shown his conviction or sentence invalid, the district court properly dismissed this claim as unripe.

The district court declined to exercise supplemental jurisdiction over the state law claims since it had dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). It was well within its power to do so.

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.